An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-163

Filed 15 July 2026

Randolph County, No. 20CVD001988-750

MICHELLE RENEE HACKETT, Plaintiff,

v.

DARREN ANDREW HACKETT, Defendant.

Appeal by Plaintiff from order entered 9 August 2024 by Judge Barron L. Thompson in Randolph County District Court. Heard in the Court of Appeals 9 September 2025.

>*Law Office of Lee M. Cecil, by Lee M. Cecil, for Plaintiff-Appellant.*
>
>*Kreider Law, PLLC, by Jonathan G. Kreider, for Defendant-Appellee.*

CARPENTER, Judge.

Michelle Renee Hackett ("Plaintiff") appeals from the trial court's 9 August 2024 order (the "Order"), granting the motion for summary judgment filed by Darren Andrew Hackett ("Defendant"). On appeal, Plaintiff argues the trial court erred by granting Defendant's motion for summary judgment. After careful review, we affirm the Order.

## I. Factual & Procedural Background

Plaintiff and Defendant were married in 1994. During their marriage, Plaintiff and Defendant had two children who have since reached the age of majority. Plaintiff and Defendant both worked at a business owned and operated by Defendant's parents. Plaintiff and Defendant organized numerous other property management businesses together during their marriage, with Plaintiff as the majority owner. Additionally, Plaintiff obtained her real estate license and formed a real estate business. On 24 December 2019, Plaintiff and Defendant separated, and Defendant moved out of the marital residence. Many of the businesses co-owned by Plaintiff and Defendant have since been dissolved.

On 10 November 2020, Plaintiff filed a complaint (the "Complaint") against Defendant, asserting claims for post-separation support, alimony, equitable distribution, and attorney's fees. On 21 January 2021, Defendant filed a motion to dismiss, answer, and motion for injunctive relief. In his motion for injunctive relief, Defendant requested that the trial court order Plaintiff to return business funds and restrain Plaintiff from taking future distributions from businesses that belonged to both Plaintiff and Defendant during their marriage.

In Plaintiff's post-separation and alimony affidavit, Plaintiff contended that she needed $5,959.36 per month. Plaintiff's affidavit further indicated she had an income of $3,000 per month, received a net rental income of $128,361 between 2021

and 2023 from marital properties, and earned over $10,000 a month in gross rents from income-producing properties. Defendant's post-separation and alimony affidavit stated that Defendant needed $1,624.00 per month, had a net income of $1,937.33 per month, and did not generate regular income from his rental properties.

The trial court heard Plaintiff's claim for post-separation support on 19 April 2021 and denied it on 14 July 2021. On 10 April 2023, the trial court entered an equitable distribution pre-trial order, and trial began the same day. On 23 August 2024, the trial court entered an order concerning equitable distribution, awarding Plaintiff $1,471,450.82 and Defendant $1,545,196.05. The trial court concluded such distribution was equitable in light of the nature of Plaintiff's and Defendant's properties and each of their preferences.

On 10 April 2024, Defendant filed a motion for summary judgment on the issues of post-separation support and alimony, which the trial court heard on 8 August 2024. On 9 August 2024, the trial court entered the Order granting Defendant's motion for summary judgment as to Plaintiff's claim for alimony because the trial court had already denied Plaintiff's post-separation support claim. That same day, the trial court emailed Plaintiff and Defendant, explaining its reasoning. In the email, the trial court wrote that "the pleading for alimony falls short of the required Rule 8 pleading standard" when "[r]ead in light of *Quesinberry v. Quesinberry*, 210 N.C. App. 578, 709 S.E.2d 367[.]" The trial court continued, "[B]ased on the information previously provided to and ruled upon by the court . . . I

do not believe the Defendant could be found to be a supporting spouse and the Plaintiff to be a dependent spouse." On 15 August 2024, Plaintiff timely filed written notice of appeal.

## II. Jurisdiction

As an initial matter, we must determine whether this Court has jurisdiction to hear this appeal. Plaintiff admits this appeal is interlocutory because claims remain pending in the divorce action.

Ordinarily, "there is no right of immediate appeal from interlocutory orders and judgments." *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999) (citations omitted). Nevertheless, "our General Assembly provides a litigant the option to appeal an interlocutory judgment resolving a domestic claim *either* before all domestic claims have been resolved *or* when all claims have been resolved." *Watson v. Watson*, 288 N.C. App. 265, 267, 885 S.E.2d 858, 860 (2023) (emphasis in original). The domestic claims which are interlocutory but otherwise appealable under the statute include "a claim for absolute divorce, divorce from bed and board, the validity of a premarital agreement . . . , child custody, child support, alimony, or equitable distribution . . . ." N.C. Gen. Stat. § 50-19.1 (2025). Thus, this Court has jurisdiction pursuant to N.C. Gen. Stat. § 50-19.1 (2025).

## III. Issue

The issue is whether the trial court erred by granting Defendant's motion for summary judgment.

## IV. Analysis

Plaintiff argues the trial court erred in granting Defendant's motion for summary judgment. First, Plaintiff contends the trial court applied the incorrect standard for summary judgment. Second, Plaintiff asserts the trial court improperly considered matters outside the scope of summary judgment. Finally, Plaintiff argues that genuine issues of material fact remain with respect to Plaintiff's alimony claim. We address each in turn.

"On appeal, an order allowing summary judgment is reviewed *de novo*." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). "'Under a *de novo* review, [this Court] considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

### A. Summary Judgment Standard

Plaintiff first argues the trial court—in an email—erred by improperly applying the standard for a motion to dismiss under Rule 12(b)(6) instead of the standard for a motion for summary judgment under Rule 56(c). We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2025). "When

considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. All inferences of fact must be drawn against the movant and in favor of the nonmovant." *Strickland v. Hedrick*, 194 N.C. App. 1, 9, 669 S.E.2d 61, 67 (2008) (internal marks and citations omitted).

On a summary judgment motion, "[t]he trial judge's comments during the hearing as to . . . law are not controlling; the written court order as entered is controlling." *Fayetteville Publ'g Co. v. Advanced Internet Tech., Inc.*, 192 N.C. App. 419, 425, 665 S.E.2d 518, 522 (2008) (citation omitted). Moreover, "the trial court [has] the authority to enter an order that [is] different from the court's oral statements during the hearing." *Scoggin v. Scoggin*, 250 N.C. App. 115, 116, 791 S.E.2d 524, 525 (2016).

Here, the trial court's email, like a trial court's oral comments made in a hearing, is not controlling. *See id.* at 116, 791 S.E.2d at 525. While the trial court should not have explained its reasoning in an email, the trial court made its final ruling through its Order, not through its email before entry of the Order. *See Fayetteville Publ'g Co.*, 192 N.C. App. at 425, 665 S.E.2d at 522. Thus, we confine our review to the Order from which Plaintiff appeals.

In the Order, the trial court applied the proper summary judgment standard. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c). Specifically, the trial court stated, "[B]ased upon matters on the file, the testimony and evidence received, and the arguments of the parties, there is no genuine issue as to any material fact and that Defendant is

entitled to judgment as a matter of law." Because the Order reveals the trial court applied the proper summary judgment standard, the trial court did not err. *See id.*

## B. Scope of Summary Judgment

Plaintiff next argues the trial court improperly considered matters outside the scope of summary judgment. Plaintiff asserts that the trial court considered information revealed in the post-separation and equitable distribution proceedings, thereby leaving this Court to rely solely on the trial judge's personal memory. We disagree.

"[A] judge's own personal memory is not evidence." *Hensey v. Hennessy,* 201 N.C. App. 56, 67, 685 S.E.2d 541, 549 (2009). "The trial court does not have authority to issue an order based solely upon the court's own personal memory of another entirely separate proceeding[.]" *Id.* at 67, 685 S.E.2d at 549.

Here, we do not need to rely on the trial judge's personal memory because we review the sufficiency of the record. *See id.* at 67, 685 S.E.2d at 549. This includes the Complaint; Defendant's motion to dismiss, answer, and motion for injunctive relief; Plaintiff's and Defendant's financial affidavits regarding post-separation support and alimony; the Order denying post-separation support; and the trial court's order on equitable distribution. Thus, the trial court considered competent evidence, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" in deciding Defendant's motion for summary judgment with respect to Plaintiff's alimony claim. *See* N.C. Gen Stat. § 1A-1, Rule

56(c). Despite the trial court's ill-advised email, the trial court did not prejudicially exceed the scope of summary judgment. *See id.*

### C. Issues of Material Fact

Finally, Plaintiff argues the trial court improperly granted Defendant's motion for summary judgment because genuine issues of material fact remained as to Plaintiff's claim for alimony. According to Plaintiff, the trial court did not properly consider Plaintiff's and Defendant's expenses. We disagree.

For summary judgment purposes, an issue is genuine if it "may be maintained by substantial evidence." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). A fact is material if it "would constitute a legal defense, or would affect the result of the action or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Id.* at 518, 186 S.E.2d at 901.

"The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact." *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (internal citation omitted). "This burden may be met 'by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.'" *Id.* at 681–82, 565 S.E.2d at 146 (quoting *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

A party seeking alimony must show that: "(1) that party is a dependent spouse; (2) the other party is a supporting spouse; and (3) an award of alimony would be equitable under all the relevant factors." *Barrett v. Barrett*, 140 N.C. App. 369, 371, 536 S.E.2d 642, 644 (2000). A dependent spouse is one "who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2) (2025). "Actually substantially dependent" requires that "the party seeking alimony would be actually unable to maintain the accustomed standard of living [established before separation] from his or her own means." *Williams v. Williams*, 299 N.C. 174, 181, 261 S.E.2d 849, 855 (1980).

To determine whether a spouse is actually substantially dependent, the trial court considers the following factors:

> (1) the accustomed standard of living of the parties prior to the separation, (2) the income and expenses of each of the parties at the time of the trial, (3) the value of the estates, if any, of both spouses at the time of the hearing, and (4) "the length of [the] marriage and the contribution each party has made to the financial status of the family over the years."

*Hunt v. Hunt*, 112 N.C. App. 722, 726–27, 436 S.E.2d 856, 859 (1993) (quoting *Williams*, 299 N.C. at 185, 261 S.E.2d at 857). Ordinarily, a dependent spouse is one whose expenses exceed their monthly income, with no other means to pay those expenses. *See Kabasan v. Kabasan*, 257 N.C. App. 436, 467, 810 S.E.2d 691, 710 (2018).

Here, in the light most favorable to Plaintiff, *see Strickland*, 194 N.C. App. at 9, 669 S.E.2d at 67, the parties maintained an above-average standard of living, and both parties had "plenty of cash to do what they want during marriage, which is not accounted for[,]" *see Hunt*, 112 N.C. App. at 726–27, 436 S.E.2d at 859. The record shows that, despite Plaintiff's contention that she needed $5,959.36 per month, had an income of $3,000 per month, received a net rental income of $128,361 between 2021 and 2023, and earned over $10,000 a month in rents. The record also shows that Defendant asserted he needed $1,624.00 per month, despite having a net income of $1,937.33 per month and no income-generating rental properties. Thus, Plaintiff operated at a monthly surplus, particularly given her high income. Accordingly, this factor tends to show that Plaintiff is not a dependent spouse. *See id.* at 726–27, 436 S.E.2d at 859; *Kabasan*, 257 N.C. App. at 467, 810 S.E.2d at 710.

The record also shows that Defendant and his family contributed to the marital estate. *See Hunt*, 112 N.C. at 726–27, 436 S.E.2d at 859. Specifically, Defendant and his family purchased and helped manage the rental properties from which Plaintiff collected income. The trial court recognized that contribution and divided the estate equitably into $1,471,450.82 for Plaintiff and $1,545,196.05 for Defendant. Thus, the relative contribution factor further supports that Plaintiff is not a dependent spouse because Defendant and his family made significant contributions to the marital estate. *See id.* at 726–27, 436 S.E.2d at 859.

Consequently, Defendant's forecast of evidence establishes that no genuine issue of material fact remained with respect to Plaintiff's claim that she is a dependent spouse. *See Barrett*, 140 N.C. App. at 371, 536 S.E.2d at 644*; Kabasan*, 257 N.C. App. at 467, 810 S.E.2d at 710. Thus, there are no genuine issues of material fact regarding Plaintiff's claim for alimony. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c). Accordingly, the trial court did not err by granting summary judgment for Defendant. *See Kabasan*, 257 N.C. App. at 467, 810 S.E.2d at 710.

## V.    Conclusion

Because the trial court applied the proper standard for summary judgment, did not improperly consider matters outside the scope of summary judgment, and properly concluded that no genuine issue of material fact existed as to Plaintiff's alimony claim, the trial court did not err by granting Defendant's motion for summary judgment. Accordingly, we affirm the Order.

AFFIRMED.

Judges COLLINS and FLOOD concur.

Report per Rule 30(e).